Egbert and Wife v. Thomas and Others.

The remedy of heirs for the rents and profits of real estate occupied by the widow of the testator, is, at law, and not in equity, unless they can show some peculiar equitable ground for the interference of the Court.

ERROR to the Probate Court of *Franklin* county.

SMITH, J.—The material facts disclosed by the bill, answers, and depositions in this case, appear to be these:

*John Thomas* died in the year 1839, leaving a widow and fifteen children. He made a will devising all his personal property to his widow " for the use of his children, but if she should marry, then she should have only what the law allows her." All his real estate, except the widow's third, was to be divided among his children when they became of age. The real estate consisted of the half of a quarter section, of which about twenty-five or thirty acres were cleared. The personal property was worth about 250 dollars. The widow took possession of

*Thursday,
July 5.*

the personal property and also continued to occupy the farm. Seven of the smaller children lived with her and were supported by her until *August*, 1843, when she married *Egbert*. After that time she continued with the said *Egbert* to occupy the real estate.

The bill in this case was filed by five of the children and heirs of *John Thomas* against *Egbert* and wife, and makes the other heirs who refused to join with them defendants. The object of the complainants was to compel *Egbert* and wife to account for the personal property and for the rents and profits of the land.

The cause having been submitted, the Court found that *Egbert* and wife had converted to their use the personal property of the said *John Thomas*, deceased, to the amount of 254 dollars; that each of the complainants was entitled to *one-fifteenth* of the same, after allowing the widow 100 dollars and one-third of the residue, leaving 103 dollars and 33 cents, with interest from the time of the marriage with *Egbert*. The Court also found that *Egbert* and wife had received rents and profits of the real estate amounting to 310 dollars, of which one-third was deducted for the widow's share, leaving 206 dollars and 67 cents due the heirs, upon which interest was allowed to the amount of 37 dollars and 20 cents, making in the aggregate 362 dollars and 89 cents due the heirs. The decree is in favor of the complainants for their proportion of the above sum.

We think the decree is not equitable. The will is not set out in the record, and we shall not stop to examine critically the legal effect of the terms by which the personal property is stated by the complainants' bill to have been devised. The widow appears to have been authorized to use the property for the maintenance of the children, and the whole amount of it was so small that it was a very slender allowance for the support of the seven who remained with her after the death of their father, until her marriage with *Egbert*.

The remedy of the complainants, with respect to the rents and profits of the real estate, was at law and not

in equity. They show no peculiar ground, such as is requisite to authorize the interference of a Court of Chancery for the purpose of compelling an account. *Grimes v. Wilson*, 4 Blackf. 331.

*Per Curiam.*—The decree is reversed. Cause remanded, with directions to dismiss the bill, &c.

*J. B. Sleeth* and *J. Ryman*, for the plaintiffs.

*G. Holland*, for the defendants.